Filed 9/1/16  P. v. Aune CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068770 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS275733) |
| ANDREW AUNE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard III, Judge.  Affirmed.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Andrew Aune of grand theft. The trial court placed Aune on three years' formal probation and sentenced him to 90 days in the electronic surveillance program. Aune claims the court improperly denied his *Batson/Wheeler*[1] motion based on the prosecution's peremptory challenges to two African-Americans from the jury panel. We affirm.

## FACTUAL BACKGROUND

Aune and codefendant, Alexander Bieler, stole about $18,000 worth of cellular telephones from a Verizon mall kiosk. A tracking device inside of one of the stolen boxes led police to a location in Bonita. Police detained a truck, driven by Aune, that contained some of the stolen merchandise. Police found Bieler in a nearby house, and a bag containing 29 of the stolen telephones in the garage of the home.

## DISCUSSION

### A. *Legal Principles*

The use of peremptory challenges to remove a prospective juror because of that juror's race or ethnicity is unconstitutional discrimination. (*Batson, supra*, 476 U.S. at pp. 86-87; *Wheeler, supra*, 22 Cal.3d at pp. 276-277.) There are three steps in establishing a *Batson/Wheeler* claim. First, a defendant must make a prima facie case by showing that the prosecutor exercised a peremptory challenge based on race. (*People v. Lenix* (2008) 44 Cal.4th 602, 612 (*Lenix*).) To make a prima facie showing, the

---

[1] *Batson v. Kentucky* (1986) 476 U.S. 79 (*Batson*); *People v. Wheeler* (1978) 22 Cal.3d 258 (*Wheeler*), overruled in part by *Johnson v. California* (2005) 545 U.S. 162, 168 (*Johnson*).

defendant need only produce evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred. (*People v. Cornwell* (2005) 37 Cal.4th 50, 66.) If that is done, the People must show race-neutral reasons for the challenge. (*Lenix*, at p. 612.) The prosecutor's justification for the peremptory challenge need not rise to the level of a challenge for cause, and even a trivial reason, if genuine and neutral, may suffice. (*Id.* at p. 613.)

The third stage of the *Batson/Wheeler* inquiry " 'comes down to whether the trial court finds the prosecutor's race-neutral explanations to be credible. Credibility can be measured by, among other factors, the prosecutor's demeanor; by how reasonable, or how improbable, the explanations are; and by whether the proffered rationale has some basis in accepted trial strategy.' . . . In assessing credibility, the court draws upon its contemporaneous observations of the voir dire. It may also rely on the court's own experiences as a lawyer and bench officer in the community, and even the common practices of the advocate and the office that employs him or her." (*Lenix, supra*, 44 Cal.4th at p. 613, citations and footnote omitted.)

"[T]he issue is not whether there is a pattern of systematic exclusion; rather, the issue is whether a particular prospective juror has been challenged because of group bias." (*People v. Avila* (2006) 38 Cal.4th 491, 549.) Even a single discriminatory exclusion may violate a defendant's right to a representative jury. (*Ibid.*) The trial court's findings on purposeful discrimination turn largely on credibility, and on appeal we review the court's ruling for substantial evidence. (*Lenix, supra*, 44 Cal.4th at pp. 613-614.) " 'We presume that a prosecutor uses peremptory challenges in a constitutional

3

manner and give great deference to the trial court's ability to distinguish bona fide reasons from sham excuses. [Citation.] So long as the trial court makes a sincere and reasoned effort to evaluate the nondiscriminatory justifications offered, its conclusions are entitled to deference on appeal.' " (*Ibid.*)

B. *Background*

Aune is Caucasian. During voir dire, defense counsel objected to the prosecutor's use of peremptory challenges to remove the only two African-American jurors on the entire panel. Prospective Juror Number 4 (Juror 4) supervised a unit of social workers and served on an advisory committee with police officers and sheriff's deputies. She was formerly in the Navy and had friends and family serve in the Navy. Prospective Juror Number 30 (Juror 30) had her purse stolen from a shopping cart. The ex-husband of Juror 30 previously worked for Verizon and both of her sisters worked in law enforcement.

The prosecutor excused Juror 4. The prosecutor later excused Juror 30, prompting a *Batson* challenge. After the trial court concluded that defense counsel had made a prima facie showing, the prosecutor explained that she struck Juror 4 based on her response to a hypothetical question about convicting a person using circumstantial evidence. Juror 4 stated she would "at least want more than that" explaining that she had six brothers who could "set the stage" so that someone else took the blame. The court stated that if it were a prosecutor it "probably would have struck" Juror 4 based on her response to the hypothetical question. Since there was a substantial basis to strike Juror 4, the court found that the defense failed to show a "discriminatory pattern."

4

When asked to explain why she excused Juror 30, the prosecutor stated Juror 30 had not responded to "questions very in-depth" and she "just got a weird feeling about" Juror 30. The trial court denied the *Batson* challenge. It found the prosecutor had a legitimate basis for striking Juror 4. As to Juror 30, the court found that the prosecutor had not pointed to anything in particular, but demonstrated based on her review of the questions and answers that another juror would be better for her.

C. *Analysis*

As a preliminary matter, the trial court found defense counsel had made a prima facie showing that the prosecutor exercised peremptory challenges based on race when she excluded the only two African-Americans from the venire. Thus, the burden shifted to the prosecution to show race-neutral reasons for the challenges. (*Lenix, supra*, 44 Cal.4th at p. 612.) Aune does not contest the prosecution's showing as to Juror 4, who had expressed a concern about convicting a defendant based solely on circumstantial evidence, a genuine race-neutral reason. Rather, Aune contends the trial court erred in ruling that a race neutral explanation for removing Juror 4 rendered further inquiry as to Juror 30 unnecessary because there was no pattern of racial discrimination.

A trial court errs when it focuses only on a pattern of discrimination through multiple excusals in making a prima facie case of racial discrimination. (*People v. Avila, supra*, 38 Cal.4th at pp. 554-555 [trial court was under the mistaken impression that only a pattern of discrimination through multiple excusals could make prima facie showing].) Here, the trial court found Aune had made a prima facie showing; thus, it is unclear why the trial court referenced the lack of pattern evidence. Putting aside the trial court's

5

statement regarding pattern evidence, the record does not support Aune's contention that the trial court failed to inquire as to the prosecutor's reason for removing Juror 30. Rather, the trial court found "a legitimate basis" for removing Juror 4 and then asked the prosecutor: "Explain as to Juror 30." Thus, the record does not support Aune's contention that the trial court failed to conduct any analysis or inquiry into the prosecutor's reasons for dismissing Juror 30.

Aune's complaint appears to be with the prosecutor's explanation and the trial court's subsequent implied finding that Aune had not shown purposeful racial discrimination.[2] The prosecutor explained that she excused Juror 30 because Juror 30 had not responded to "questions very in-depth" and the prosecutor "got a weird feeling about her." As our high court has explained, the focus of a *Batson/Wheeler* inquiry "is on the subjective *genuineness* of the race-neutral reasons given for the peremptory challenge, *not* on the objective *reasonableness* of those reasons." (*People v. Reynoso* (2003) 31 Cal.4th 903, 924.)

---

[2] Before denying the motion, the trial court never expressly found that the prosecutor had race-neutral reasons for excusing Juror 30. Rather, the trial court stated that the prosecutor need not point to anything in particular as to why she excused Juror 30, but that the prosecutor demonstrated that, based on the questions and answers, the prosecutor believed other jurors would be better. Aune takes issue with the trial court's statement that the prosecutor preferred other jurors, stating this is not a race-neutral explanation. Had the *prosecutor* stated that she preferred another juror as her sole reason for excusing Juror 30, this would not have been race-neutral. (*People v. Cisneros* (2015) 234 Cal.App.4th 111, 120-121 [prosecutor's statement that she excused two prospective jurors because she preferred the next prospective juror, without more, is not adequate nondiscriminatory justification for the excusal].) Here, however, the prosecutor did not make this statement and the trial court's observation that the prosecutor preferred another juror over Juror 30 does not detract from the race-neutral reasons for the excusal actually tendered by the prosecutor.

Here, while the prosecutor's reasons for excusing Juror 30 might not appear reasonable, they were nondiscriminatory. (See, e.g., *Lenix, supra*, 44 Cal.4th at p. 613 ["A prospective juror may be excused based upon facial expressions, gestures, hunches, and even for arbitrary or idiosyncratic reasons."].) We reject the underlying premise of Aune's argument that the trial court failed to conduct a proper inquiry into the prosecutor's explanations for her peremptory challenge of Juror 30. The trial court "is not required to make specific or detailed comments for the record to justify every instance in which a prosecutor's race-neutral reason for exercising a peremptory challenge is being accepted by the court as genuine." (*People v. Reynoso, supra*, 31 Cal.4th at p. 919.) The prosecutor provided race-neutral reasons for excusing Juror 30, the trial court assessed the prosecutor's explanation and necessarily concluded it was subjectively genuine. The trial court had the benefit of its contemporaneous observations of both voir dire and the prosecutor's demeanor and, in the absence of exceptional circumstances, we must defer to the trial court's credibility determination regarding a prosecutor's proffered reason for excusing a juror. (*Lenix,* at p. 614.)

Finally, Aune complains that Juror 30 did not answer any questions less in-depth than many of the other jurors who were allowed to serve, noting Juror Number 17 had a cousin who worked for Verizon and the prosecutor also mentioned having a weird feeling about Juror Number 3, both of whom were allowed to serve. Aune's contention that other jurors were seated whom he claimed had similar answers and backgrounds is of no consequence as the argument ignores that peremptory challenges are not challenges for cause and may be made on an " 'apparently trivial' " or " 'highly speculative' " basis and

7

" ' "without reason or for no reason, arbitrarily and capriciously." ' "  (*People v. Jones* (1998) 17 Cal.4th 279, 294.)  "[T]he very dynamics of the jury selection process make it difficult, if not impossible, on a cold record, to evaluate or compare the peremptory challenge of one juror with the retention of another juror which on paper appears to be substantially similar."  (*People v. Johnson* (1989) 47 Cal.3d 1194, 1221.)

In summary, we find no error in the trial court's denial of defense counsel's *Batson/Wheeler* motion.

DISPOSITION

The judgment is affirmed.

HALLER, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

8